MATTHEWS v. WHITE, United States Marshal.

No. 2120–B.

First Division. Juneau.

Oct. 4, 1933.

Hellenthal & Hellenthal, of Juneau, for petitioner.

George W. Folta, Asst. U. S. Atty., of Juneau, for respondent.

ALEXANDER, District Judge.

A petition has been filed herein for a writ of habeas corpus, seeking the release of the petitioner, Cliff Matthews, upon the ground that he is illegally imprisoned and restrained of his liberty on a charge involving a violation of the National Prohibition Act (27 U.S.C.A.).

The petitioner alleges that his imprisonment in default of bail on the order of the United States commissioner for the Juneau precinct, to await the action of the grand jury on a charge of violating the National Prohibition Act, is unlawful, because the Eighteenth Amendment, in pursuance of which said act was enacted, and with which it must stand or fall, is void, for the reasons: (1) That the Eighteenth Amendment is legislation or lawmaking, as distinguished from constitution making; and (2) there is no authority under the Constitution, and particularly under article 5 thereof, to adopt an amendment to the Constitution embodying ordinary laws or police regulations.

In support of his petition, Mr. Jack Hellenthal, the attorney for the petitioner, made a very able and learned oral presentation of this matter before the court, and has supplemented it by a very scholarly and exhaustive brief.

To this Mr. George Folta, on behalf of the United States attorney, very ably and earnestly replied, both by his argument and brief, that the questions sought to be raised by the petitioner herein had all been raised and adjudicated by our federal Supreme Court (National Prohibition Cases, 253 U.S. 350, 40 S.Ct. 486, 588, 64 L.Ed. 946), wherein the Supreme Court of the United States consolidated seven

appeals from the District Courts of the United States for the Districts of Massachusetts, the Western District of Kentucky, District of New Jersey, Eastern District of Wisconsin, and the Eastern District of Missouri.

These cases, and the questions there presented, were argued to the court by some of the most eminent lawyers in America; and the arguments of counsel, the conclusions of the court, and the concurring and dissenting opinions cover more than sixty pages, and make it one of the longest and most exhaustively reported cases found in our latter day Supreme Court reports.

A perusal of this case convinces me that all the questions sought to. be raised on behalf of the petitioner have been, as the United States attorney's office so earnestly argued, both raised and adjudicated in those cases, if not directly, at least so inferentially that it leaves little or no doubt as to the court's opinion on any of those questions. Many of the same arguments employed by counsel for the petitioner here were employed by counsel in presenting the same or almost identical questions to the Supreme Court of the United States, and were resolved by the court in favor of the constitutionality of the amendment in question. See the arguments of Mr. Rice, Mr. Levy Mayer, and Mr. William Marshal Bullitt, 253 U.S. pages 354 to 360, inclusive, and that of Mr. Elihu Root, 253 U.S. pages 361 to 379, inclusive. For instance, Mr. Root argues (253 U.S. pages 361–364):

"The substantive and operative part of the so-called Eighteenth Amendment is contained in its first section. This provision does not relate to the powers or organization of government, as does an ordinary constitutional provision. On the contrary, it is itself an exercise of the legislative power of government, and a direct act of legislation regulating the conduct of life of the individual. The first question before the court is, therefore, whether article 5 of the Constitution authorizes any amendment which in substance and effect is merely a police regulation or statute. * * *

"There is plainly a distinction in this respect between the so-called amendment as adopted and as it would be if it had conferred *power* upon Congress to prohibit the use of intoxicating liquors. * * *

"Article 5 of the Constitution should not be construed to confer unlimited legislative power upon the amending authorities. To assume that it does is inconsistent with the plain provision of section 1 of article 1 of the Constitution that 'all legislative powers herein granted shall be vested in a Congress of the United States,' and with the terms of article 5 itself, as the proceedings of the Constitutional Convention disclose that the framers themselves understood those terms. The framers undoubtedly regarded the power to amend only as authorizing the inclusion of matter of the same general character as the instrument or thing to be amended; and as all the Constitutions of their day were concerned solely with the distribution and limitation of the powers of government, and not with the direct exercise thereof by the Constitution makers themselves, no amendment of the latter sort would have been deemed appropriate or germane by them."

It is of no moment whether we agree or disagree with the arguments quoted. The Supreme Court of the United States, our court of last resort, has heard these arguments and many others attacking the validity of both the Volstead Act and the Eighteenth Amendment itself, and by the conclusions announced for the court through Mr. Justice Van Devanter, in National Prohibition Cases 253 U.S. 350, at page 386, 40 S.Ct. 486, 488, 588, 64 L.Ed. 946, conclusions 4 and 5, has decided them all in this very terse but thoroughly understandable language:

"4. The prohibition of the manufacture, sale, transportation, importation and exportation of intoxicating liquors for beverage purposes, as embodied in the Eighteenth Amendment, is within the power to amend reserved by article 5 of the Constitution.

"5. That amendment [the Eighteenth Amendment], by lawful proposal and ratification, has become part of the Constitution, and must be respected and given effect the same as other provisions of that instrument."

Even Mr. Justice McKenna and Mr. Justice Clarke, in their separate dissenting opinions, agree with the conclusions announced in paragraphs 4 and 5 of the Court's conclusions.

Following, therefore, what we believe to be the law as enunciated in the foregoing case, the petition for a writ of habeas corpus herein will have to be denied, and it is so ordered.